No. 04-00-00397-CR



Mark Walton SIFFORD,


Appellant



v.



The STATE of Texas,


Appellee



From the 218th Judicial District Court, Atascosa County, Texas


Trial Court No. 99-11-0232-CRA


Honorable Stella Saxon, Judge Presiding



Opinion by: Sarah B. Duncan, Justice


Sitting: Tom Rickhoff, Justice

 Catherine Stone, Justice

 Sarah B. Duncan, Justice


Delivered and Filed: March 21, 2001


AFFIRMED


 Mark Walton Sifford appeals the trial court's order denying his motion to suppress his arrest
and any evidence derived from it - including the cocaine found on the seat of his rented truck. We
affirm.



Standard of Review


 We review a trial court's ruling on a motion to suppress for abuse of discretion. Guzman v.
State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). When, as here, the trial court does not make
express findings of historical fact, we review the evidence in the light most favorable to the trial
court's ruling. O'Hara v. State, 27 S.W.3d 548, 550 (Tex. Crim. App. 2000). We review the trial
court's determination of the applicable law, as well as its application of the law to the facts it has
found, de novo. Guzman, 955 S.W.2d at 89.

 Factual and Procedural Background


 While conducting routine patrol duties in a roadside park, Trooper Paul Braden and Sgt. Juan
Rodriguez noticed that, when they passed a Ryder truck, the driver - later identified as Sifford -
appeared to try to conceal himself, leaning way back against the seat and the back window of the cab
of the truck. Braden found the movement suspicious and made a second pass to investigate. When
he approached the truck a second time, he saw the driver move a box from his lap and place it to his
right. Braden observed Sifford to be very nervous, defensive, and evasive. When asked for his
identification, Sifford was unable to locate his wallet on his person and began looking in the truck.
Braden shined his flashlight in the truck and saw the wallet on the front seat. When Sifford reached
in to get his wallet, Braden asked if he could enter the truck from the passenger side to make sure
Sifford was not retrieving a weapon. Sifford agreed and unlocked the passenger side door. Braden
opened the door and saw the box he had earlier seen Sifford move to his right. On top of the box was
white powder. White powder was also all over the seat where Sifford had been sitting. Although
Sifford said it "was just white powder," Braden believed it was possibly a controlled substance.
Braden then noticed a rolled bill, which appeared to have been used as a straw. Believing that Sifford
had possession and was under the influence of a controlled substance, Braden took Sifford into
custody. When Braden again looked into the open passenger door, he saw in plain view a small plastic
bag containing a white powdery substance on the floorboard. When Braden confronted Sifford with
the bag, Sifford said Braden could have it; he did not need to go to jail. At that point, Braden arrested
Sifford. He was later charged with possession of a controlled substance.

 Sifford moved to suppress his arrest and any evidence derived from it. Although Sifford's
motion asserted the warrantless arrest was without probable cause, he argued at the suppression
hearing that the investigative detention did not meet the requirements of Terry v. Ohio and the search
was without his consent. See Terry v. Ohio, 392 U.S. 1 (1968). This motion was denied by the trial
court, and Sifford pleaded no contest and was sentenced to three years community supervision.

Discussion


 On appeal, Sifford argues the trial court erred in denying his motion to suppress, because the
search of the truck was not conducted in the context of a justified initial investigative detention under
Terry v. Ohio and was made without his consent. We do not reach Sifford's first argument because
the record establishes consent.

 As a general rule, "the State must obtain a warrant before searching the place or possessions
of a citizen." State v. Ibarra, 953 S.W.2d 242, 243 (Tex. Crim. App. 1997); Tex. Const. art. I, § 9.
"One exception to the warrant requirement involves those searches that occur by way of voluntary
consent." Id. "When challenged, however, the State must demonstrate the voluntariness of this
consent by clear and convincing evidence." Id. When the issue of consent rests upon the trial court's
evaluation of credibility, we afford its finding almost total deference. See Maldonado v. State, 998
S.W.2d 239, 247 (Tex. Crim. App. 1999).

 Here, the trial court obviously believed Braden's testimony that Sifford consented to the
search of the truck. Affording this determination almost total deference, we hold clear and convincing
evidence establishes consent and affirm the trial court's judgment.


 Sarah B. Duncan, Justice

Do not publish